UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-249-FDW
3:17-cr-134-FDW-DSC-24

| | |
|---|---|
| LAVAUGHN ANTONIO HANTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1).

Petitioner pled guilty in the underlying criminal case to a single count of conspiracy to participate in a racketeering activity and he was sentenced to 216 months' imprisonment, consecutive to any state sentence. (3:17-cv-134, Doc. No. 2022).

Petitioner filed the instant § 2255 Motion to Vacate that purports to raise a number of claims of ineffective assistance of counsel. (Doc. No. 1). However, the Motion to Vacate is not on the § 2255 form, it is not dated, and it is not verified or even signed. (Id.). Attached to Petitioner's § 2255 Motion to Vacate is an "Affidavit" that sets forward some argument and was sworn before a notary public, but it is not substantially in the form required for § 2255 petitions. (Doc. No. 1 at 14-19); see Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner has also filed a "Memorandum in Support of 28 U.S.C. 2255" that is unsigned. (Doc. No. 1 at 20-37).

The § 2255 Motion to Vacate is seriously deficient and cannot proceed. Plaintiff shall have

1

**thirty (30) days** in which to file a superseding Amended § 2255 Motion to Vacate in accordance with this Order. Although Petitioner is appearing *pro se*, he is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The Amended § 2255 Motion to Vacate will supersede and replace the original § 2255 Motion to Vacate so that any claims not included in the Amended § 2255 Motion to Vacate will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2255 Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will probably result in dismissal of this action and closure of this case without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend § 2255 Motion to Vacate within the time limit set by the Court, this action will probably be dismissed

and the case will be closed.

2. The Clerk of Court is directed to mail Petitioner a blank § 2255 form.

Signed: May 5, 2020

Frank D. Whitney
Chief United States District Judge

3

Case 3:20-cv-00249-FDW   Document 2   Filed 05/05/20   Page 3 of 3