UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-249-FDW
3:17-cr-134-FDW-SCR-24

| | |
|---|---|
| LAVAUGHN ANTONIO HANTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Petitioner's "Motion[s] for Reconsideration Pursuant to Federal Rules of Civil Procedures, Rule 60(b) section 6 to Add an Additional Claim to the Motion to Vacate, Set Aside, or Correct Sentence, Title 28 U.S.C. 2255" [Docs. 17, 18].

In the underlying criminal case, Petitioner pleaded guilty to one count of RICO conspiracy. [3:17-cr-134 ("CR") Doc. 1403, 1404]. He was sentenced to 216 months' imprisonment. [CR Doc. 2022]. The Fourth Circuit Court of Appeals affirmed on direct appeal. United States v. Hanton, 765 F. App'x 13 (4th Cir. 2019). Petitioner filed a Motion to Vacate on April 21, 2015 that was seriously deficient and Petitioner was ordered to amend. [Docs. 1, 2]. Petitioner filed an Amended Motion to Vacate on July 25, 2020, arguing that (restated and renumbered): (1) the guilty plea was involuntary; (2) the RICO charge is unconstitutional, deprived Petitioner of due process, and was based on misrepresentations to the grand jury; (3) trial counsel provided ineffective assistance; and (4) appellate counsel provided ineffective assistance. [Doc. 6]. On June 8, 2021, the Court entered an Order dismissing and denying § 2255 relief because: (1) Petitioner's claim that his guilty plea

1

was involuntary is procedurally defaulted and meritless; (2) Petitioner's challenge to the RICO charge is waived, procedurally defaulted, and meritless; and (3)-(4) Petitioner failed to demonstrate that trial or appellate counsel provided ineffective assistance. [Doc. 15].

On August 31 and November 9, 2023, the Petitioner filed the instant Motions for Reconsideration.[1] [Docs. 17, 18]. He appears to: reiterate his § 2255 claims; add claims including actual innocence, prosecutorial vindictiveness, and ineffective assistance of counsel; and seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Id.].

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion,[2] that he has a meritorious defense to the judgment, that the opposing party would not be

---
[1] The two Motions appear to be identical except for the dates on which they were signed, and the addition of attachments to the second Motion [Doc. 18-1].

[2] A Motion pursuant to Rule 60(b)(6) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c). The Court will not order Petitioner to address the timeliness of his Motions at this juncture because the Court concludes that they must be dismissed for lack of jurisdiction even if they were timely filed.

2

unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction

3

constitutes a successive § 2254 petition).

Here, the Petitioner does not identify any basis for reconsideration under Rule 60(b). He does not identify any defect in the collateral review process. Instead, he expresses his disagreement with the Court's Order dismissing and denying § 2255 relief, he reiterates his old § 2255 claims, and he attempts to assert new § 2255 claims. In short, it appears that the Petitioner is attempting to file unauthorized second or successive § 2255 petitions. The Motions for Reconsideration will, therefore, be dismissed for lack of jurisdiction. See Winestock, 340 F.3d at 207; United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (the Fourth Circuit may review a district court's determination treating a motion as a successive habeas petition without a certificate of appealability). To the extent that the Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), that request is dismissed because such is not cognizable in this § 2255 proceeding; Petitioner must seek that relief by filing an appropriate motion in the criminal case.[3] See United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022) (explaining that the proper vehicle for a collateral attack on a conviction and sentence is through § 2255 whereas § 3582(c)(1)(A) addresses compassionate release).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions for Reconsideration [Doc. 17, 18] are **DISMISSED**.

Signed: February 27, 2024

_____
Frank D. Whitney
United States District Judge

---

[3] The Court makes no determinations about the potential merit or procedural viability of such a motion.